**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| **SANDRA K. ELMORE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** 1:14-CV-10-M |
| **MRC RECEIVABLES CORPORATION,** | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant MRC Receivables Corporation ("MRC"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Clinton District Court, Clinton County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division. As grounds in support of this removal, MRC states as follows:

**I. INTRODUCTION**

1. Plaintiff Sandra K. Elmore ("Plaintiff") commenced this action by filing a complaint against MRC in the Clinton District Court, Clinton County, Kentucky, Case No. 13-C-00175 on or about December 27, 2013.

2. Plaintiff's complaint asserts claims against MRC relating to alleged improper collection of a debt. [*See generally* Compl.]

3. Based on these allegations, Plaintiff attempts to assert federal claims against MRC under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against MRC based upon alleged violations of the FDCPA, which is a federal consumer protection statute. [*See* Compl.; *see also* 15 U.S.C. §§ 1692 *et seq.*] Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

## III. ADOPTION AND RESERVATION OF DEFENSES

7. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of MRC's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3)

insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon MRC to date in this case.

10. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as MRC was served with process on January 2, 2014.

11. MRC has heretofore sought no similar relief.

12. The United States District Court for the Western District of Kentucky, Bowling Green Division, is the court and division embracing the place where this action is pending in state court.

13. Contemporaneously with the filing of this notice of removal, MRC has filed a copy of same with the clerk of the Clinton District Court, Clinton County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

14. MRC reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, MRC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Clinton District Court, Clinton County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division.

Respectfully submitted this 22nd day of January, 2014.

*/s/ Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MRC RECEIVABLES CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of January, 2014:

James McKenzie
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, Kentucky 40207
Telephone: (502) 371-2179
Facsimile: (502) 257-7309
jmckenzie@jmckenzieatty.com

James H. Lawson
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, Kentucky 40207
Telephone: (502) 473-6525
Facsimile: (502) 473-6561
james@kyclc.com

*/s/ Reid S. Manley*
OF COUNSEL