Commonwealth of Kentucky
Clinton District Court
Div. ___
Case No. 13-C-00175

Sandra K. Elmore PLAINTIFF

v.

FILED
JAKE STATON, CIRCUIT CLERK
DEC 27 2013
CLINTON CIRCUIT/DISTRICT COURT
BY: D.C.

MRC Receivables Corporation DEFENDANT
Serve:
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

* * * * *

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Defendant MRC Receivables Corporation ("MRC") filed suit against Plaintiff Sandra Elmore on August 31, 2006 to collect a charged-off credit card debt. MRC moved for and was granted a default judgment on February 7, 2007. On May 10, 2013, MRC served a non-wage garnishment on Ms. Elmore's bank, Monticello Banking Company. Monticello Banking honored the garnishment and forwarded funds to MRC.

3. On June 10, 2013, MRC served a second non-wage garnishment on Ms. Elmore's bank. The June 10th non-wage garnishment failed to give Ms. Elmore any credit for the amount MRC obtained from Ms. Elmore under the May 10th garnishment.

4. These and other acts by Defendant violate the FDCPA.

EXHIBIT
A

## PARTIES

5. Plaintiff Sandra K. Elmore is a natural person who resides in Clinton County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

6. Defendant MRC Receivables Corporation ("MRC") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. MRC's principal place of business is located in San Diego, CA.

7. MRC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. Ms. Elmore applied for and received a credit card from Cross Country Bank.

9. Ms. Elmore used her credit card for personal and household purposes, making the Cross Country Bank credit card account a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10. Ms. Elmore fell behind on her payments to Cross Country Bank and eventually defaulted on the debt.

11. Cross Country Bank eventually sold Ms. Elmore's charged-off credit to MRC or MRC's predecessor in interest.

12. On August 31, 2006, Defendant MRC filed suit against Ms. Elmore in an attempt to collect the debt in the Cumberland District Court (*MRC Receivables Corp. v. Sandy Elmore,* Case No. 06-C-00137) (the "Cumberland Action").

13. On February 7, 2007, the Cumberland District Court awarded default judgment to MRC in the Cumberland Action.

14. On May 10, 2013, counsel for MRC served a non-wage garnishment upon Ms. Elmore's bank, Monticello Banking Company. A copy of the Order of Non-Wage Garnishment is attached hereto as Exhibit "A."

15. The May 10, 2013 Order of Non-Wage Garnishment averred that the amount due and owing on the default judgment in the Cumberland Action was $1,732.26.

16. Upon information and belief, the stated amount of $1,732.26 in the May 10th garnishment failed to include all previous payments on the debt by Ms. Elmore.

17. On May 31, 2013, Monticello Banking Company answered the garnishment and forwarded attached funds from Ms. Elmore's bank account in the amount of $1,479.22. A copy of Monticello Banking Company's Affidavit and Answer of Garnishee filed in response to the May 10, 2013 garnishment is attached hereto as Exhibit "B."

18. Upon information and belief, the funds turned over to MRC by the Monticello Banking Company satisfied the amount due on the default judgment in full.

19. On June 10, 2013, counsel for MRC served a second non-wage garnishment upon Ms. Elmore's bank. A copy of the Order of Non-Wage Garnishment is attached hereto as Exhibit "C."

20. The June 10, 2013 Order of Non-Wage Garnishment averred that the amount due and owing on the default judgment in the Cumberland Action was $1,769.55.

21. MRC's June 10, 2013 non-wage garnishment falsely represented the amount due on the debt by failing to credit Ms. Elmore with the funds recovered from the Monticello Banking Company in response to the May 10, 2013 garnishment.

22. The June 10th garnishment caused Ms. Elmore enormous financial hardship by depriving her of funds to pay her regular bills and to purchase daily necessities.

## CLAIMS FOR RELIEF:

### Violation of the Fair Debt Collection Practices Act

23. The foregoing acts and omissions of MRC Receivables Corporation ("MRC") constitute violations of the FDCPA, including, but not limited to:

(a) Violation of 15 U.S.C. § 1692e(2)(A): MRC falsely represented the amount that Ms. Elmore owed on the default judgment in the Cumberland Action in the May 10th and/or June 10th non-wage garnishments served on the Monticello Banking Company;

(b) Violation of 15 U.S.C. § 1692e(5): MRC attempted to take an action to collect a debt from Ms. Elmore that cannot be legally taken by serving a non-wage garnishment on the Monticello Banking Company that sought to recover money that had already been paid;

(c) Violation of 15 U.S.C. § 1692e(10): MRC falsely represented the amount that Ms. Elmore owed on the default judgment in the Cumberland Action in the May 10th and/or June 10th non-wage garnishments served on the Monticello Banking Company in an attempt to collect a debt from Ms. Elmore; and

(d) Violation of 15 U.S.C. § 1692f(1): MRC attempted to collect an amount not permitted by law by seeking to garnish Ms. Elmore's bank account in an amount greater than the amount she owed on the default judgment in the Cumberland Action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sandra K. Elmore requests the Court grant her relief as follows:

a. Award Plaintiff actual damages;

b. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against Defendant;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com

# Exhibit "A"

 

| AOC – 150.1 Doc. Code: GN<br>Rev. 1-08<br><br>Commonwealth of Kentucky<br>Court of Justice<br>KRS 425.501-425.506;<br>CR 69.02 | **ORDER OF GARNISHMENT**<br>(NON-WAGE) | Case No. 06-C-00137<br><br>Court CIRCUIT<br><br>County CUMBERLAND |
|---|---|---|

Judgment Creditor: MRC RECEIVABLES CORPORATION c/o Bleecker Brodey & Andrews, 9247 N. Meridian Street, Suite 101, Indianapolis, IN 46260

Garnishee's Date of Receipt: ________

Judgment Debtor: MS. SANDY ELMORE

Garnishee: MONTICELLO BANKING COMPANY, 611 WALLACE WILKINSON BLVD, LIBERTY, KY 42539

Amount Due: $1,732.26

Probable Court Costs: ______________

**The Commonwealth of Kentucky To the Garnishee Named Above:**

If you hold property belonging to, or are indebted to, the judgment debtor named above, you are hereby ORDERED to hold and safely keep all of the property of the judgment debtor necessary to satisfy the amounts due as shown above. The object of this Order is to restrain you from paying to the judgment debtor, or to anyone for him/her, money or property in your possession belonging to him/her or in which he/she has any interest.

YOU ARE HEREBY SUMMONED AND REQUIRED TO DO THE FOLLOWING:

(1) Fill in the GARNISHEE'S DATE OF RECEIPT in the space provided above on all copies;

(2) Hold and safely keep any funds or property due the judgment debtor to the extent of the amount due above plus costs until further order of the court or as directed below;

(3) Promptly attempt to notify the judgment debtor by mailing a copy of this order to his/her last known address or by delivering it to him/her;

(4) If after the expiration of fourteen (14) days from your receipt of this order, there has been no further notice from the court, then do the following:

a. Answer as garnishee within twenty (20) days of the receipt of this order (You may use the form on the reverse side); and

b. Forward to the Attorney named below the amount of money or property ~~withheld from the judgment debtor, together~~ with one copy of this order and your answer; and

c. Send the original of your answer and this order to the court.

ATTORNEY:
Bleecker Brodey & Andrews
9247 N. Meridian Street, Suite 101
Indianapolis, IN 46260

Date: May 10, 2013

Cumberland County Circuit Court, Clerk

By: Kristi Brown D.C.

**IMPORTANT LEGAL NOTICE TO JUDGMENT DEBTOR**

Money or property belonging to you has been subjected to a garnishment under a judgment entered against you in this case. Some funds may be exempt from garnishment, including individual income tax refunds, Social Security benefits, workers compensation benefits, unemployment insurance benefits, public assistance/TANF, and some types of governmental benefit payments; however, you must claim and prove any applicable exemption.

If you can show that the property garnished by this order consists of exempt funds, then you may immediately requested a hearing in the court listed above by filing a sworn written request with the Clerk of the Court within ten (10) days of the Garnishee's Date of Receipt noted above. Your notarized written request for a hearing must be on Affidavit Form AOC-150.2, which is to be obtained from the Clerk of the Court from which this Order issued.

If a hearing is requested, the Clerk of the Court will notify plaintiff and defendant of the time and place, and issue the court's order for the garnishee to continue the holds the funds pending the outcome of the hearing.

(COURT COPY - GREEN)

# Exhibit "B"

AOC-150.1 Doc. Code: GAG
Rev. 1-08

## AFFIDAVIT AND ANSWER OF GARNISHEE

The Affiant, after being first duly sworn, states as follows:

1. The name of the Judgment Debtor is [handwritten, illegible]
2. At the time of the service of this order, the Garnishee herein is indebted to the Judgment Debtor or holds belonging to the Judgment Debtor in the amount of $____ (If none, put "none")
3. Other property belonging to the Judgment Debtor and held by me is as follows (If none, put "none"):

   None

4. I, or I on behalf of the Garnishee [illegible] possession that belongs to the Judgment Debtor.
5. [illegible] of money [illegible] the reverse

THE AMOUNT [illegible] $ 1998.00

6. If I, or I on behalf of the Garnishee, hold property (listed above) [illegible] disclose (in Paragraph 3 above) such property and will hold and safely keep such property pending further order of the Court.
7. In addition, I have sent the original of this Answer and the Order on the reverse to the Court, and copies to the attorney named on the reverse and the Judgment Debtor.

[signature] Garnishee [illegible]

By: [signature] Signature of Affiant

[handwritten, illegible] Affiant/Title

Subscribed and sworn to before me by the above Affiant on [handwritten date, illegible] 2013

My Commission Expires: [handwritten, illegible]

[signature] Notary Public

Original to be returned to Court
One Copy to Judgment Debtor
One Copy to Judgment Creditor
One Copy for Garnishee

*Q108588KY201-*

Exhibit "C"

| AOC – 150.1 Doc. Code: GN<br>Rev. 1-08<br><br>Commonwealth of Kentucky<br>Court of Justice<br>KRS 425.501-425.506;<br>CR 69.02 | ORDER OF GARNISHMENT<br>(NON-WAGE) | Case No. 06-C-00137<br><br>Court CIRCUIT<br><br>County CUMBERLAND |
|---|---|---|

Judgment Creditor: MRC RECEIVABLES CORPORATION c/o Bleecker Brodey & Andrews, 9247 N. Meridian Street, Suite 101, Indianapolis, IN 46260

Garnishee's Date of Receipt: ______

Judgment Debtor: MS. SANDY ELMORE

Garnishee: MONTICELLO BANKING COMPANY, 611 WALLACE WILKINSON BLVD, LIBERTY, KY 42539

Amount Due: $1,769.55

Probable Court Costs: ______

**The Commonwealth of Kentucky To the Garnishee Named Above:**

If you hold property belonging to, or are indebted to, the judgment debtor named above, you are hereby ORDERED to hold and safely keep all of the property of the judgment debtor necessary to satisfy the amounts due as shown above. The object of this Order is to restrain you from paying to the judgment debtor, or to anyone for him/her, money or property in your possession belonging to him/her or in which he/she has any interest.

YOU ARE HEREBY SUMMONED AND REQUIRED TO DO THE FOLLOWING:

(1) Fill in the GARNISHEE'S DATE OF RECEIPT in the space provided above on all copies;
(2) Hold and safely keep any funds or property due the judgment debtor to the extent of the amount due above plus costs until further order of the court or as directed below;
(3) Promptly attempt to notify the judgment debtor by mailing a copy of this order to his/her last known address or by delivering it to him/her;
(4) If after the expiration of fourteen (14) days from your receipt of this order, there has been no further notice from the court, then do the following:
   a. Answer as garnishee within twenty (20) days of the receipt of this order (You may use the form on the reverse side); and
   b. Forward to the Attorney named below the amount of money or property withheld from the judgment debtor, together with one copy of this order and your answer; and
   c. Send the original of your answer and this order to the court.

ATTORNEY:
Bleecker Brodey & Andrews
9247 N. Meridian Street, Suite 101
Indianapolis, IN 46260

Date: June 10, 2013

Cumberland County Circuit Court, Clerk

By: Betty L Hogan D.C.

**IMPORTANT LEGAL NOTICE TO JUDGMENT DEBTOR**

Money or property belonging to you has been subjected to a garnishment under a judgment entered against you in this case. Some funds may be exempt from garnishment, including individual income tax refunds, Social Security benefits, workers compensation benefits, unemployment insurance benefits, public assistance/TANF, and some types of governmental benefit payments; however, you must claim and prove any applicable exemption.

If you can show that the property garnished by this order consists of exempt funds, then you may immediately requested a hearing in the court listed above by filing a sworn written request with the Clerk of the Court within ten (10) days of the Garnishee's Date of Receipt noted above. Your notarized written request for a hearing must be on Affidavit Form AOC-150.2, which is to be obtained from the Clerk of the Court from which this Order issued.

If a hearing is requested, the Clerk of the Court will notify plaintiff and defendant of the time and place, and issue the court's order for the garnishee to continue the holds the funds pending the outcome of the hearing.

(GARNISHEE - GOLD)